1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**O'HAGAN MEYER**
Clint D. Robison (SBN 158834)
Samantha Squillante (SBN 318582)
21550 Oxnard Street, Suite 1050
Woodland Hills, CA 91367
Telephone: (213) 306-1610
Facsimile: (213) 306-1615
crobison@ohaganmeyer.com
ssquillante@ohaganmeyer.com

Attorneys for Defendants
Bebe Stores, Inc. and BB Brand Holdings LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware Corporation<br><br>                    Plaintiff,<br><br>     vs.<br><br>BEBE STORES, INC., a California Corporation; BB BRAND HOLDINGS LLC, a Delaware Limited Liability Company; and DOES 1-10, inclusive,<br><br>                    Defendants, | Case No.: 2:21-cv-04355-FMO-JPR<br><br>**DECLARATION SAMANTHA L. SQUILLANTE IN SUPPORT OF DEFENDANTS BEBE STORES INC. AND BB BRAND HOLDINGS LLC'S MOTION TO DISMISS**<br><br>[*Filed concurrently herewith: Notice of Motion; Memorandum of Points and Authorities; Declaration of Samantha L. Squillante in Support of Defendant's Motion; Request for Judicial Notice*]<br><br>**Hearing Date: Monday August 30, 2021**<br>**Hearing Time: 1:30 p.m.**<br>**Courtroom: 6D**<br>**Judge: Fernando M. Olguin** |

I, Samantha L. Squillante, do hereby declare as follows:

1.      I am an attorney at law duly admitted to practice before the courts in the State of California and the United States District Court Central District of California. I am an attorney with the firm O'Hagan Meyer, counsel for Defendants Bebe Stores Inc. and BB Brand Holdings LLC. (hereinafter "Defendants") Except as otherwise indicated, I have personal knowledge of the facts stated in this Declaration and counsel and would competently testify thereto.

2.      Attached hereto and attached to Defendants' Request for Judicial Notice as **Exhibit 1** are true and correct copies of screenshots depicting one of the products at issue in this case which I were pulled by Defendants' counsel on or about June 23, 2021 from the website https://www.ugg.com/womens-slippers/fluff-yeah-slide/1095119.html.

3.      Attached hereto and attached to Defendants' Request for Judicial Notice as **Exhibit 2** is a  true and correct copy of Plaintiff's design patent which were pulled by Defendants' counsel on or about June 23, 2021 from the docket in *Deckers Outdoor Corp. v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 1:21-cv-01070 (N.D. Ill.).

4.      Attached hereto and attached to Defendants' Request for Judicial Notice as **Exhibit 3** are true and correct copies of screenshots depicting one of the products at issue in this case which were pulled by Defendants' counsel on or about June 23, 2021 from the website https://www.amazon.com/bebe-Jeanna-Womens-Slipper/dp/B08F759FK1?th=1.

5.      Attached hereto and attached to Defendants' Request for Judicial Notice as **Exhibit 4** is a true and correct copy of the Complaint in *Deckers Outdoor Corp. v. Fortune Dynamic, et al.*, No. 2:15-cv-00769 (C.D. Cal) which was pulled by Defendants' counsel on or about June 23, 2021 from the docket in that case.

**DEFENDANTS' NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

6.     Attached hereto and attached to Defendants' Request for Judicial Notice as **Exhibit 5** are true and correct copies of side-by-side photographs depicting the products at issue in this case which I attest, upon information and belief, were taken by a representative of Defendants after Plaintiff filed suit in this case.

7.     Additionally, Defendants refer to a quote from a publicly available video on YouTube in the brief offered in support of their Motion to Dismiss.  I attest that the video appears at the link provided in the brief and the quoted language can be heard at the time-stamp identified in the citation to the video.

8.     The basis for Defendants' request for judicial notice of each of these items is included in Defendants' Request for Judicial Notice.

9.     The bases for Defendants' Motion to Dismiss are included in Defendants' brief in support of their Motion to Dismiss.

10.    This Motion is made following the conference of counsel pursuant to Local Rule 7-3.  I attest, upon information and belief, that C. Quinn Adams from my law firm, O'Hagan Meyer, met and conferred with Plaintiff's counsel on July 7, 2021 at 1:00 p.m.  A true and correct copy of the call invitation is attached hereto as **Exhibit 6**.

11.    On July 8, 2021 at 7:05 a.m., Defendants' counsel sent Plaintiff's counsel additional meet and confer correspondence citing the applicable law in support of this Motion.  A true and correct copy of this email correspondence is attached hereto as **Exhibit 7**.

12.    Plaintiff's counsel responded by email on July 22, 2021 at 4:13 p.m. The Parties were at an impasse as to the contents and authority of this Motion. A true and correct copy of Plaintiff's counsel's email correspondence is attached hereto as **Exhibit 8**.

**DEFENDANTS' NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

/s/ Samantha L. Squillante

Samantha L. Squillante, Esq.

**DEFENDANTS' NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

# <u>EXHIBIT 1</u>

The following includes a print out of the UGG webpage offering the FYS for sale, found at: https://www.ugg.com/womens-slippers/fluff-yeah-slide/1095119.html.  It also includes screenshots of pictures of the standalone FYS from six different angles. These screenshots are pulled from the same webpage listed above.





Women / Footwear / Slippers

## FLUFF YEAH SLIDE



(8301 Reviews)

**$100.00**

or 4 payments of $25.00 with afterpay⬦

Selected Color: Natural

Selected Size          ▼          What's my size?

✎ Size Chart



Free Expedited Shipping on orders
$150 or more.

FLUFF YEAH SLIDE — $100.00                ACTIVATE THIS OFFER →

1/3



≡  🔍                          UGG                          📍  🛒

## DETVILS                                                                   ∧

*Item No. 1095119*

Our favorite style of the season, the Fluff Yeah is as good as it sounds, combining slipper and sandal into a cozy statement shoe. Featuring soft sheepskin with a lightweight platform to keep things airy, this standout slide pairs perfectly with midi dresses or your favorite jeans.

This product was made in a factory that supports women in our supply chain with the help of HERproject, a collaborative initiative that creates partnerships with brands like ours to empower and educate women in the workplace.

- 10mm sheepskin upper
- Elastic strap with UGG® graphic
- 10mm sheepskin lining
- 10mm sheepskin Insole
- Sheepskin-wrapped midsole
- Molded rubber outsole
- 1.5" heel height
- Woven label with UGG® logo on insole

view more

## PAIRS WITH



### ALL GENDER FLUFF YEAH SLIDE CALI COLLAGE

**$110.00**
Selected Color: RAINBOW STRIPES

Selected Size                                          ▼

## RECOMMENDED FOR YOU

FLUFF YEAH SLIDE — $100.00

Free Expedited Shipping on orders
$150 or more.

ACTIVATE THIS OFFER  →

2/3













# EXHIBIT 2

US00D866941S

(12) **United States Design Patent**
Kim

(10) **Patent No.:**   **US D866,941 S**
(45) **Date of Patent:**   ** **Nov. 19, 2019**

(54) **FOOTWEAR UPPER AND MIDSOLE**

(71) Applicant: **Deckers Outdoor Corporation**, Goleta, CA (US)

(72) Inventor: **Esther Kim**, Santa Barbara, CA (US)

(73) Assignee: **Deckers Outdoor Corporation**, Goleta, CA (US)

(**) Term: **15 Years**

(21) Appl. No.: **29/663,103**

(22) Filed: **Sep. 12, 2018**

(51) **LOC (12) Cl.** ................................................. **02-04**
(52) **U.S. Cl.**
USPC ............................................. **D2/969**; D2/919
(58) **Field of Classification Search**
USPC ......... D2/896–900, 916, 917, 918, 919, 946, D2/969, 972
CPC .. A43B 3/12; A43B 3/10; A43B 3/128; A43B 3/00
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| D118,008 | S | * 12/1939 | Berman | D2/919 |
| D130,268 | S | * 11/1941 | Creed | D2/919 |
| D135,339 | S | * 3/1943 | Hanson | D2/919 |
| D167,159 | S | * 7/1952 | Ney | D2/919 |
| D374,550 | S | * 10/1996 | Huang | D2/919 |
| D417,771 | S | * 12/1999 | Blanco | D2/897 |
| D486,956 | S | * 2/2004 | Williams | D2/919 |
| D558,433 | S | * 1/2008 | Cagner | D2/919 |
| D581,143 | S | * 11/2008 | Hubner | D2/919 |

OTHER PUBLICATIONS

Puma Drops New Monochrome Platform Sandals, Missbish, by Jana K. Hoffman, at https://missbish.com/puma-drops-new-monochrome-platform-sandals/ Apr. 2017.

* cited by examiner

*Primary Examiner* — Rashida C. Walshon
(74) *Attorney, Agent, or Firm* — Greer, Burns & Crain, Ltd.

(57) **CLAIM**

The ornamental design for a footwear upper and midsole, as shown and described.

**DESCRIPTION**

FIG. **1** is a front perspective view of a Footwear Upper and Midsole showing my new design;
FIG. **2** is a side elevational view thereof;
FIG. **3** is an opposite side elevational view thereof;
FIG. **4** is a front elevational view thereof;
FIG. **5** is a rear elevational view thereof;
FIG. **6** is a top plan view thereof; and,
FIG. **7** is a bottom plan view thereof.
The broken lines in FIGS. **1-7** represent portions of the footwear that form no part of the claimed design. The broken lines which define the bounds of the claimed design form no part thereof.

**1 Claim, 3 Drawing Sheets**



**U.S. Patent**     Nov. 19, 2019     Sheet 1 of 3     US D866,941 S



FIG. 1



FIG. 2



FIG. 3



FIG. 4          FIG. 5



FIG. 6



FIG. 7

# EXHIBIT 3

The following includes a print out of a page offering the Jeanna for sale on Amazon.com, and which can be found at: https://www.amazon.com/bebe-Jeanna-Womens-Slipper/dp/B08F759FK1?th=1. It also includes screenshots of pictures of the standalone Jeanna from six different angles. These screenshots are pulled from the same webpage listed above.

Amazon.com: bebe Jeanna Women's Slipper | Shoes

Hello
Select your address          All ▼

Hello, Sign in
Account & Lists ▼

Returns
& Orders          0

All    Best Sellers    Customer Service    Prime ▼    New Releases    Pharmacy    Books    Fashion    Today's Deals                    Celebrate with Pride

**Amazon Fashion**    Women    Men    Kids    Luggage    Sales & Deals    New Arrivals    Our Brands          **prime** wardrobe

amazon live    Amazon Influencers livestream their **fashion finds**    Watch now ▶ amazon.com/live

Clothing, Shoes & Jewelry › Women › Shoes



Roll over image to zoom in

Brand: bebe
# bebe Jeanna Women's Slipper
105 ratings

Price: **$17.48 - $39.95**

Fit: True to size. Order usual size. ›

Size:
[ Select ]    Size Chart

Color: White

  

- fur
- Made in USA or Imported
- Faux fur upper with rhinestone bebe® logo text detail
- Open toe
- Adjustable slingback strap with hook-and-loop closure
- Lightly cushioned footbed
- Man-made outsole

To buy, select **Size**

[ Add to Cart ]

[ Add to List ]

Share

## 4 stars and above

Sponsored ⓘ                                                Page 1 of 19



bebe Women Tops, Womens Tops Summer Shirts, T Shirts Women Pack of 2 Black/Blue
265
**$29.99**

Women's Cross Band Slippers Soft Plush Furry Cozy Open Toe House Shoes Indoor Outdo...
12,723
**$22.99**

Fuzzy Slippers Slides with Strap for Women,Fluffy Faux Fur Womens House Shoes...
289
**$13.99**

Beslip Fuzzy Slides Sandals for Women Two Band Fluffy Slippers with Strap Outdoor F...
80
**$22.99**

FUNKYMONI Women's Co... Double Buck Adjustable E...
**$17.99**

## Products related to this item

Sponsored ⓘ                                                Page 1 of 35













# **EXHIBIT 4**

1   Brent H. Blakely (SBN 157292)
    bblakely@blakelylawgroup.com
2   Cindy Chan (SBN 247495)
    cchan@blakelylawgroup.com
3   Jessica C. Covington (SBN 301816)
    jcovington@blakelylawgroup.com
4   BLAKELY LAW GROUP
    1334 Parkview Avenue, Suite 280
5   Manhattan Beach, California 90266
    Telephone: (310) 546-7400
6   Facsimile: (310) 546-7401

7   *Attorneys for Plaintiff*
    *Deckers Outdoor Corporation*

8

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11  DECKERS OUTDOOR                   )  CASE NO.
    CORPORATION, a Delaware           )
12  Corporation,                      )  **COMPLAINT FOR DAMAGES AND**
                                      )  **EQUITABLE RELIEF:**
13                    Plaintiff,       )
                                      )  **1.  TRADE DRESS INFRINGEMENT;**
14           v.                        )
                                      )  **2.  PATENT INFRINGEMENT - U.S.**
15  FORTUNE DYNAMIC INC. a            )      **PATENT NO. D599,999;**
    California Corporation; and CAROL )
16  LEE, an individual, and DOES 1-10,)  **3.  TRADE DRESS INFRINGEMENT**
    inclusive,                        )      **UNDER CALIFORNIA COMMON**
17                                    )      **LAW;**
                                      )
18                    Defendants.      )  **4.  UNFAIR COMPETITION**
                                      )      **CALIFORNIA UNFAIR BUSINESS**
19                                    )      **PRACTICES ACT, CAL. BUS. &**
                                      )      **PROF. CODE, § 17200, ET. SEQ.;**
20                                    )
                                      )  **5.  UNFAIR COMPETITION UNDER**
21                                    )      **CALIFORNIA COMMON LAW**
                                      )
22                                    )      **JURY TRIAL DEMANDED**
                                      )
23                                    )

24

25       **Plaintiff Deckers Outdoor Corporation** for its claims against **Defendants**

26  **Fortune Dynamic Inc.** and **Carol Lee** (collectively "Defendants") respectfully alleges

27  as follows:

28

## JURISDICTION AND VENUE

1.     Plaintiff files this action against Defendants for trade dress infringement and unfair competition under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act"), patent infringement arising under the patent laws of the United States, and for related claims under the statutory and common law of the state of California.  This Court has subject matter jurisdiction over the claims alleged in this action pursuant to 28 U.S.C. §§ 1331, 1338.

2.     This Court has personal jurisdiction over Defendants because Defendants are incorporated, domiciled, and/or do business within this judicial district.

3.     This action arises out of wrongful acts by Defendants within this judicial district and Plaintiff is located and has been injured in this judicial district by Defendants' alleged wrongful acts.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the claims asserted arise in this district.

## THE PARTIES

4.     Plaintiff Deckers Outdoor Corporation ("Deckers") is a corporation organized and existing under the laws of the state of Delaware with an office and principal place of business in Goleta, California.  Deckers designs and markets footwear identified by its famous UGG® trademark and other famous trademarks.

5.     Upon information and belief, Defendant Fortune Dynamic Inc. ("Fortune Dynamic") is a corporation organized and existing under the laws of the state of California with an office and principle place of business located at 21923 Ferrero Parkway, City of Industry, California 91789.

6.     Upon information and belief, Defendant Carol Lee is an individual residing in this judicial district and is an owner, officer, director, and/or managing agent of Fortune Dynamic.

7.     Deckers is unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names.  Deckers will

1  seek leave to amend this complaint when their true names and capacities are

2  ascertained.  Deckers is informed and believes and based thereon alleges that said

3  Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the

4  wrongs alleged herein, and that at all times referenced each was the agent and servant

5  of the other Defendants and was acting within the course and scope of said agency and

6  employment.

7      8.     Deckers is informed and believes, and based thereon alleges, that at all

8  relevant times herein, Defendants and DOES 1 through 10, inclusive, knew or

9  reasonably should have known of the acts and behavior alleged herein and the damages

10 caused thereby, and by their inaction ratified and encouraged such acts and behavior.

11 Deckers further alleges that Defendants and DOES 1 through 10, inclusive, have a

12 non-delegable duty to prevent or not further such acts and the behavior described

13 herein, which duty Defendants and DOES 1 through 10, inclusive, failed and/or

14 refused to perform.

15     **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

16 **A.    Deckers' UGG® Brand**

17     9.     Deckers has been engaged in the design, distribution, marketing, offering

18 for sale, and sale of footwear since 1975.  Deckers is currently the owner of eight

19 brands of footwear that are offered nationwide and worldwide - UGG®, Teva®,

20 Sanuk®, Tsubo®, Ahnu®, Hoka One One®, Mozo®, and 🆃🆄🅶🅶®.

21     10.    Deckers' UGG® brand remains one of the most recognized and relevant

22 comfort shoe brands in the industry.  Since 1978, when the UGG® brand was founded,

23 the popularity of UGG® boots has steadily grown across the nation and even the

24 globe. The UGG® brand has always been and remains highly coveted by consumers.

25 This commitment to quality has helped to propel the UGG® brand to its current,

26 overwhelming level of popularity and cemented its status as a luxury brand.

27     11.    It has now been fifteen years since UGG® boots were first featured on

28 Oprah's Favorite Things® in the year 2000, and Oprah emphatically declared on

1  national television how much she "LOOOOOVES her UGG boots." The popularity of
2  UGG® brand footwear has grown exponentially since then with celebrities including
3  Kate Hudson and Sarah Jessica Parker among a myriad of others regularly donning
4  them.  UGG® sheepskin boots have become a high fashion luxury item and can be
5  found on fashion runways around the world.

6        12.  Deckers' UGG® products are distributed and sold to consumers through
7  authorized retailers throughout the United States at point of sale and on the Internet,
8  including through its UGG® Concept Stores and its website www.uggaustralia.com.

9      **B.  Defendants' Infringing Activities**

10        13.  Upon information and belief, Fortune Dynamic manufactures, designs,
11  advertises, markets, distributes, offers for sale, and/or sells footwear for men, women
12  and children.  Fortune Dynamic offers footwear wholesale to retailers across the
13  country, including within this judicial district under the brand name SODA.

14        14.  Upon information and belief, Defendant Carol Lee is an owner, officer,
15  and/or managing agent of Fortune Dynamic and is the active, moving, conscious force
16  behind the infringing activities alleged herein.

17        15.  The present lawsuit arises from Defendants' willful infringement of
18  Deckers' UGG® boot designs, to which Deckers owns design patents and/or trade
19  dress rights, including rights to the UGG® "Bailey Button" boot ("Infringing
20  Products"), an example of which is shown below:



**Defendant Fortune Dynamic's Boot**

16.    Deckers is informed and believes and herein alleges that Defendants are competitors and have copied Deckers' boot designs in an effort to exploit Deckers' reputation in the market.

17.    Upon information and belief, Defendants may have sold additional products that infringe upon Deckers' design patents and trade dresses.  Deckers may seek leave to amend as additional information becomes available through discovery.

18.    Deckers has not granted a license or any other form of permission to Defendants with respect to any of its trademarks, design patents, trade dress, or other intellectual property.

19.    Deckers is informed and believes and herein alleges that Defendants have acted in bad faith and that Defendants' acts have misled and confused and were intended to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants' Infringing Products with Deckers, or as to the origin, sponsorship, or approval of Defendants' Infringing Products by Deckers.

### FIRST CLAIM FOR RELIEF

### (Trade Dress Infringement - 15 U.S.C. § 1125(a))

20.    Deckers incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

21.    The UGG® Bailey Button boot was introduced in 2009 and the "Bailey Button Boot Trade Dress" is unique and distinctive, consisting of a combination of the following non-functional elements:

- Classic suede boot styling made famous by the UGG® brand;
- Overlapping of front and rear panels on the lateral side of the boot shaft;
- Curved top edges on the overlapping panels;
- Exposed fleece-type lining edging the overlapping panels and top of the boot shaft; and
- One or more buttons (depending on the height of the boot) prominently featured on the lateral side of the boot shaft adjacent the overlapping panels.

(hereinafter "Bailey Button Boot Trade Dress")

  

22.     The Bailey Button Boot Trade Dress was an original design by Deckers and the elements thereof are nonfunctional and their distinctive quality has achieved a high degree of consumer recognition and secondary meaning, which serves to identify Deckers as the source of high-quality goods.

23.     The Bailey Button Boot Trade Dress is one of the most well recognized and commercially successful styles of Deckers' UGG® brand of footwear, having been featured on Deckers' advertising and promotional materials as well as in various trade publications.  Deckers' Bailey Button boot receives much unsolicited media attention and various celebrities can be seen wearing UGG® boots with the Bailey Button Boot Trade Dress.

24.     Deckers has spent substantial time, effort, and money in designing, developing, advertising, promoting, and marketing the UGG® brand and its line of footwear embodying the Bailey Button Boot Trade Dress.  Deckers' efforts have been successful and Deckers has sold a substantial amount of UGG® boots bearing the Bailey Button Boot Trade Dress.

25.     Due to its long use, extensive sales, and significant advertising and promotional activities, Deckers' UGG® Trademark and Bailey Button Boot Trade Dress have achieved widespread acceptance and recognition among the consuming public and trade throughout the United States.

26.    Furthermore, the Bailey Button Boot Trade Dress has been featured in connection with various celebrities, has received a large volume of unsolicited media attention, and has graced the pages of many popular magazines nationwide and internationally.

27.    The Infringing Products produced, distributed, advertised and offered for sale by Defendants bear nearly identical reproductions of the Bailey Button Boot Trade Dress, such as to cause a likelihood of confusion as to the source, sponsorship or approval by Deckers of Defendants' products.

28.    Defendants' use of Deckers' Bailey Button Boot Trade Dress is without Deckers' permission or authority and in total disregard of Deckers' rights to control its intellectual property.

29.    Defendants' use of Deckers' Bailey Button Boot Trade Dress is likely to lead to and result in confusion, mistake or deception, and is likely to cause the public to believe that Defendants' products are produced, sponsored, authorized, or licensed by or that are otherwise connected or affiliated with Deckers, all to the detriment of Deckers.

30.    Deckers has no adequate remedy at law.

31.    In light of the foregoing, Deckers is entitled to injunctive relief prohibiting Defendants from using Deckers' Bailey Button Boot Trade Dress, or any designs confusingly similar thereto, and to recover all damages, including attorneys' fees, that Deckers has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, as well as the costs of this action.

## SECOND CLAIM FOR RELIEF

### (Patent Infringement - U.S. Patent No. D599,999)

32.    Deckers incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

33.    Deckers is the owner of numerous design patents to the various styles of

1   footwear it offers under its UGG® brand. These design patents include but are not

2   limited to the "Bailey Button" boot (U.S. Patent No. D599,999 issued on September

3   15, 2009), a true and correct copy of which is attached hereto and incorporated herein

4   as Exhibit A (hereinafter " '999 Patent").

5        34.    Deckers is the owner by assignment of all right, title and interest in and to

6   the '999 Patent.

7        35.    Defendants have knowingly and intentionally imported, used, caused to

8   be produced, distributed, advertised, marketed, offered for sale, and/or sold footwear

9   that is substantially similar to the '999 Patent in direct violation of 35 U.S.C. § 271.

10       36.    Defendants' aforesaid infringing acts are without Deckers' permission or

11   authority and are in total disregard of Deckers' right to control its intellectual property.

12       37.    As a direct and proximate result of Defendants' infringing conduct,

13   Deckers has been injured and will continue to suffer injury to its business and

14   reputation unless Defendants are restrained by this Court from infringing Deckers'

15   '999 Patent.

16       38.    Defendants' acts have damaged and will continue to damage Deckers, and

17   Deckers has no adequate remedy at law.

18       39.    Deckers marks all footwear products embodying the design of the '999

19   Patent with "Pat. No. 599,999" on a product label in compliance with 35 U.S.C. § 287.

20       40.    Given the widespread popularity and recognition of Deckers' Bailey

21   Button boot and the patent notice provided on the products themselves, Deckers avers

22   and hereon alleges that Defendants had pre-suit knowledge of Deckers' rights to the

23   '999 Patent and has intentionally copied said design on their own brand of products in

24   an effort to pass them off as if they originated, are associated with, are affiliated with,

25   are sponsored by, are authorized by, and/or are approved by Deckers.

26       41.    On information and belief, Defendants' acts herein complained of

27   constitute willful acts and intentional infringement of the '999 Patent.

28

42.     In light of the foregoing, Deckers is entitled to injunctive relief prohibiting Defendants from infringing the '999 Patent and to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289.  Deckers is also entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## THIRD CLAIM FOR RELIEF

### (Trade Dress Infringement under California Common Law)

43.     Deckers incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

44.     Defendants' infringement of the Bailey Button Boot Trade Dress constitutes common law trade dress infringement in violation of the common law of the state of California.

45.     Defendants' unauthorized use of the Bailey Button Boot Trade Dress has caused and is likely to cause confusion as to the source of Defendants' products, all to the detriment of Deckers.

46.     Defendants' acts are willful, deliberate, and intended to confuse the public and to injure Deckers.

47.     Deckers has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' infringing conduct, unless they are enjoined by this Court.

48.     The conduct herein complained of was extreme, outrageous, and was inflicted on Deckers in reckless disregard of Deckers' rights.  Said conduct was despicable and harmful to Deckers and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendants, and to deter them from similar such conduct in the future.

49.     In light of the foregoing, Deckers is entitled to injunctive relief prohibiting Defendants from infringing the Bailey Button Boot Trade Dress, and to recover all damages, including attorneys' fees, that Deckers has sustained and will

1  sustain, and all gains, profits and advantages obtained by Defendants as a result of

2  their infringing acts alleged above in an amount not yet known, and the costs of this

3  action.

### FOURTH CLAIM FOR RELIEF

**(Unfair Competition California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, et. seq.)**

7       50.    Deckers incorporates herein by reference the averments of the preceding

8  paragraphs as though fully set forth herein.

9       51.    Defendants' appropriation, adoption and use of the Bailey Button Boot

10  Trade Dress and '999 Patent, or in connection with the sale and offering for sale of

11  footwear is likely to confuse or mislead consumers into believing that Defendants'

12  goods are authorized, licensed, affiliated, sponsored, and/or approved by Deckers, thus

13  constituting a violation of the California Unfair Business Practices Act, Cal. Bus. &

14  Prof. Code, § 17200, et. seq.

15       52.    The deceptive, unfair and fraudulent practices set forth herein have been

16  undertaken with knowledge by Defendants willfully with the intention of causing harm

17  to Deckers and for the calculated purpose of misappropriating Deckers' goodwill and

18  business reputation.

19       53.    Defendants' use of Deckers' Bailey Button Boot Trade Dress and '999

20  Patent has deprived Deckers of the right to control the use of its intellectual property.

21       54.    As a direct and proximate result of Defendants' unlawful infringement,

22  Deckers has suffered damages and will continue to suffer damages in an amount that is

23  not presently ascertainable but will be proven at trial. Deckers is entitled to all

24  available relief provided for in California Unfair Business Practices Act, Cal. Bus. &

25  Prof. Code, § 17200, et. seq. including permanent injunctive relief.

26       55.    Defendants committed the acts alleged herein intentionally, fraudulently,

27  maliciously, willfully, wantonly and oppressively, with intent to injure Deckers in its

28  business and with conscious disregard for Deckers' rights, thereby justifying awards of

punitive and exemplary damages in amounts sufficient to punish and to set an example for others.

## FIFTH CLAIM FOR RELIEF

### (Unfair Competition Under California Common Law)

56. Deckers incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

57. Defendants' infringement of the Bailey Button Boot Trade Dress and '999 Patent constitutes unfair competition in violation of the common law of the state of California.

58. Defendants are competitors of Deckers and have copied Deckers' boot designs in an effort to exploit Deckers' reputation in the market.

59. Defendants' infringing acts were intended to capitalize on Deckers' goodwill associated therewith for Defendants' own pecuniary gain. Deckers has expended substantial time, resources and effort to obtain an excellent reputation for its brands of footwear. As a result of Deckers' efforts, Defendants are now unjustly enriched and are benefiting from property rights that rightfully belong to Deckers.

60. Defendants' acts are willful, deliberate, and intended to confuse the public and to injure Deckers.

61. Deckers has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' infringing conduct, unless they are enjoined by this Court.

62. The conduct herein complained of was extreme, outrageous, and was inflicted on Deckers in reckless disregard of Deckers' rights. Said conduct was despicable and harmful to Deckers and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendants, and to deter them from similar such conduct in the future.

63. In light of the foregoing, Deckers is entitled to injunctive relief prohibiting Defendants from infringing the Bailey Button Boot Trade Dress and '999

1  Patent and to recover all damages, including attorneys' fees, that Deckers has sustained

2  and will sustain, and all gains, profits and advantages obtained by Defendants as a

3  result of their infringing acts alleged above in an amount not yet known, and the costs

4  of this action.

**PRAYER FOR RELIEF**

6      WHEREFORE, Plaintiff Deckers Outdoor Corporation respectfully prays for

7  judgment against Defendants as follows:

8      1.    A Judgment that Defendants have infringed Deckers' Bailey Button Boot

9  Trade Dress and '999 Patent and that said infringement was willful;

10      2.    An order granting temporary, preliminary and permanent injunctive relief

11  restraining and enjoining Defendants, their agents, servants, employees, officers,

12  associates, attorneys, and all persons acting by, through, or in concert with any of them

13  from using Deckers' intellectual property, including, but not limited to:

14      a.    manufacturing, importing, advertising, marketing, promoting,

15  supplying, distributing, offering for sale, or selling the Infringing Products or any other

16  products which bear Deckers' Bailey Button Trade Dress or any designs confusingly

17  similar thereto and/or products bearing designs that infringe upon the '999 Patent

18  and/or the overall appearance thereof;

19      b.    engaging in any other activity constituting unfair competition with

20  Deckers, or acts and practices that deceive consumers, the public, and/or trade,

21  including without limitation, the use of designations and design elements used or

22  owned by or associated with Deckers; and

23      c.    committing any other act which falsely represents or which has the

24  effect of falsely representing that the goods and services of Defendants are licensed by,

25  authorized by, offered by, produced by, sponsored by, or in any other way associated

26  with Deckers; and

27      3.    Ordering Defendants to recall from any distributors and retailers and to

28  deliver to Deckers for destruction or other disposition all remaining inventory of all

1   Infringing Products and related items, including all advertisements, promotional and
2   marketing materials therefore, as well as means of making same;

3       4.      Ordering Defendants to file with this Court and serve on Deckers within
4   thirty (30) days after entry of the injunction a report in writing, under oath setting forth
5   in detail the manner and form in which Defendants have complied with the injunction;

6       5.      Ordering an accounting by Defendants of all gains, profits and advantages
7   derived from their wrongful acts pursuant to 15 U.S.C. § 1117(a) and 35 U.S.C. § 289;

8       6.      Awarding Deckers all of Defendants' profits and all damages sustained by
9   Deckers as a result of Defendants' wrongful acts, and such other compensatory
10  damages as the Court determines to be fair and appropriate;

11      7.      Increasing the damages up to three times the amount found or assessed
12  under 35 U.S.C. § 284;

13      8.      Awarding treble damages in the amount of Defendants' profits or
14  Deckers' damages, whichever is greater, for willful infringement;

15      9.      Finding that this is an exceptional case under 35 U.S.C. § 285 and 15
16  U.S.C. § 1117 and awarding attorneys' fees there under;

17      10.     Awarding applicable interest, costs, disbursements and attorneys' fees;

18      11.     Awarding Deckers' punitive damages in connection with its claims under
19  California law; and

20      12.     Such other relief as may be just and proper.

21

22  Dated:      February 2, 2015       BLAKELY LAW GROUP

23

24                                  By: _____
25                                      Brent H. Blakely
                                        Cindy Chan
26                                      Jessica C. Covington
                                        *Attorneys for Plaintiff*
27                                      *Deckers Outdoor Corporation*

28

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Deckers Outdoor Corporation hereby demands a trial by jury as to all claims in this litigation.

Dated:        February 2, 2015            BLAKELY LAW GROUP


By: _____
     Brent H. Blakely
     Cindy Chan
     Jessica C. Covington
     *Attorneys for Plaintiff*
     *Deckers Outdoor Corporation*

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

# **EXHIBIT 5**









Exhibit 6

-----Original Appointment-----
**From:** C. Quinn Adams
**Sent:** Tuesday, July 6, 2021 3:11 PM
**To:** Brent Blakely; Jamie Fountain
**Cc:** Charles Sims
**Subject:** Meet and Confer Concerning Bebe's Motion to Dismiss
**When:** Wednesday, July 7, 2021 4:00 PM-4:30 PM (UTC-05:00) Eastern Time (US & Canada).
**Where:** Conference Line Information Below

Good Afternoon,

Below is the conference line information for a meet and confer meeting between counsel for Bebe and Deckers concerning Bebe's Motion to Dismiss.  We look forwad to speaking with you tomorrow at 4:00 pm EST, 1:00 pm PST.

Call-in number:  1-855-240-2575
Participant PIN:  17817994
Moderator PIN (moderator only):  27791913

Thank you,


C. Quinn Adams
Attorney at Law

411 E. Franklin Street | Suite 500 | Richmond | VA | 23219
PH 804.403.7100 |  DIR 804.403.7125 | CELL 757.377.5683
FX 804.403.7110
E-MAIL cadams@ohaganmeyer.com

EXHIBIT 7

| From: | C. Quinn Adams |
|---|---|
| To: | Brent Blakely |
| Cc: | Jamie Fountain; Charles Sims; Samantha Squillante |
| Subject: | RE: Deckers v Bebe - Draft Stip Attached [IWOV-Active.FID171653] |
| Date: | Thursday, July 8, 2021 7:05:27 AM |

Brent

Thank you for attending our meet and confer call yesterday concerning Defendants' Motion to Dismiss. Per your request, I have included some of the authorities cited in our brief in support of our arguments. This is not every case we cite in the brief, but hopefully this gives you a sense of our arguments in addition to what we discussed yesterday.

### Cases Supporting Defendants' Arguments to Lanham Act Trade Dress Infringement Count I
-

### General Principles governing trade dress claims under the Lanham Act

- *Millennium Labs., Inc. v. Ameritox, Ltd.*, 817 F.3d 1123 (9th Cir. 2016)
- *Blumenthal Distributing, Inc. v. Herman Miller, Inc.*, 963 F.3d 859 (9th Cir. 2020)
- *Virgin Scent, Inc. v. Bel Air Natruals Care Corp.*, CV 17-08284-AB, 2018 WL 5264145 (C.D. Cal. Feb. 8, 2018)
- *Nora Bevs., Inc. v. Perrier Group of America, Inc.*, 164 F.3d 736 (2d Cir. 1998)
- *Deckers Outdoor Corp. v. Fortune Dynamic, Inc.*, No. CV 15-769 PSG (SSx), 2015 WL 12731929 (C.D. Cal. May 8, 2015)

**2.      Functionality Argument**
- *Fortune Dynamic*, *supra*
- *Virgin Scent*, *supra*

**3.      Secondary Meaning Argument**
- *Fortune Dynamic, supra*

**4.      Customer Confusion Argument**
- *Card Tech Intern., LLLP v. Provenzano*, No. CV 11-2434, 2012 WL 2135357 (C.D. Cal. June 7, 2012).
- *Eagle Snacks, Inc. v. Nabisco Brands, Inc.*, 625 F. Supp. 571 (D.N.J. 1985)
- *Schwinn Bicycle Co. v. Diversified Prod. Corp.*, 740 F. Supp. 517 (N.D. Ill. 1990)
- *Fortres Grand Corp. v. Warner Bros. Entertainment Inc.*, 763 F.3d 696 (7th Cir. 2014).
- *Eastland Music Group, LLC v. Lionsgate Entertainment, Inc.*, 707 F.3d 869   (7th Cir. 2013)
- *Gayle v. Allee*, No. 18 Civ. 3774, 2021 WL 120063 (S.D.N.Y. Jan. 13, 2021)
- *Underwriters, Inc.. v. Lichtenegger*, 913 F.3d 884 (9th Cir. 2019)

### Cases Supporting Defendants' Arguments to Count I Unfair Competition Claims (Counts III and IV)
-

**1.      Preemption**
- *Fortune Dynamic*, *supra*

- *Deckers Outdoor Corp. v. J.C. Penny Co.*, 45 F. Supp. 3d 1181 (C.D. Cal. 2014)

2. <u>**Claims fail as a matter of law**</u>
   - *Sebastian Brown Productions LLC v. Muzooka Inc.*, No. 15-CV-01720, 2016 WL 949004 (C.D. Cal. Mar. 14, 2016)
   - *Aurora World Inc. v. Aurora World, Inc. v. Ty Inc.*, 719 F. Supp. 2d 1115 (C.D. Cal. 2009)
   - *Fortune Dynamic*, *supra*

3. <u>**No standing for UCL claim**</u>
   - *Brinkerhoff v. L'Oreal USA, Inc.*, 417 F. Supp. 3d 1308 (S.D. Cal. 2019)


**<u>Cases Supporting Defendants' Arguments Against the Willfulness Portion of the Patent Claim (Count V)</u>**

- *Rehrig Pac. Co. v. Polymer Logistics (Israel), Ltd.*, No. CV 19-4952-MWF, 2019 WL 8161141 (C.D. Cal. Aug. 30, 2019)
- *Fortune Dynamic*, *supra*
- *J.C. Penny*, *supra*


Please advise on Deckers' position as soon as you can.

Thank you,

C. Quinn Adams
Attorney at Law

411 E. Franklin Street | Suite 500 | Richmond | VA | 23219
PH 804.403.7100 |  DIR 804.403.7125 | CELL 757.377.5683
FX 804.403.7110
E-MAIL cadams@ohaganmeyer.com



Alexandria • Boston • Charlotte • Chicago • Detroit • Los Angeles • Orange County, CA
Philadelphia • Richmond • San Francisco • Virginia Beach • Washington D.C. • Wilmington, DE

This message is intended only for the individual or entity to which it is addressed and may contain information that is attorney work product, privileged, confidential and/or exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via email or the United States Postal Service. Thank you.

**From:** Brent Blakely <bblakely@blakelylawgroup.com>
**Sent:** Tuesday, July 6, 2021 3:05 PM
**To:** C. Quinn Adams <CAdams@ohaganmeyer.com>
**Cc:** Jamie Fountain <jfountain@blakelylawgroup.com>

**Subject:** [EXTERNAL] RE: Deckers v Bebe - Draft Stip Attached [IWOV-Active.FID171653]

Dear Quinn:

Mark is no longer with the firm.  Jamie, who is cc'd, will be working with me on the case.  Tomorrow at 1pm pst works well.

Regards, Brent

Brent H. Blakely, Esq.
Blakely Law Group
1334 Parkview Ave., Suite 280
Manhattan Beach, California 90266
Telephone:   310.546.7400
Facsimile:     310.546.7401
www.blakelylawgroup.com

---

**From:** C. Quinn Adams <CAdams@ohaganmeyer.com>
**Sent:** Tuesday, July 6, 2021 11:58 AM
**To:** Mark Zhai <mzhai@blakelylawgroup.com>; Samantha Squillante <SSquillante@ohaganmeyer.com>
**Cc:** Brent Blakely <bblakely@blakelylawgroup.com>; Charles Sims <CSims@ohaganmeyer.com>
**Subject:** RE: Deckers v Bebe - Draft Stip Attached [IWOV-Active.FID171653]

Mark,

I hope you had a nice Fourth of July.  I wanted to circle back on our meet and confer.  How would tomorrow at 4:00 pm (Eastern) 1:00 pm (Pacific) work for you?  If that works, just let me know and I will send around an invite and conference information.

Thank you,

C. Quinn Adams
Attorney at Law

411 E. Franklin Street | Suite 500 | Richmond | VA | 23219
PH 804.403.7100 | DIR 804.403.7125 | CELL 757.377.5683
FX 804.403.7110
E-MAIL cadams@ohaganmeyer.com



Alexandria • Boston • Charlotte • Chicago • Detroit • Los Angeles • Orange County, CA
Philadelphia • Richmond • San Francisco • Virginia Beach • Washington D.C. • Wilmington, DE

This message is intended only for the individual or entity to which it is addressed and may contain information that is attorney work product,

privileged, confidential and/or exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via email or the United States Postal Service. Thank you.

**From:** Mark Zhai <mzhai@blakelylawgroup.com>
**Sent:** Wednesday, June 23, 2021 8:25 PM
**To:** Samantha Squillante <SSquillante@ohaganmeyer.com>; C. Quinn Adams <CAdams@ohaganmeyer.com>
**Cc:** Brent Blakely <bblakely@blakelylawgroup.com>; Charles Sims <CSims@ohaganmeyer.com>; Mark Zhai <mzhai@blakelylawgroup.com>
**Subject:** [EXTERNAL] RE: Deckers v Bebe - Draft Stip Attached [IWOV-Active.FID171653]

Samantha—Thank you, attached is the as-filed copy.

Quinn—As far as meeting and conferring, I'm pretty busy this week but generally available any time after the Fourth other than Monday and Friday mornings.  Your pick, but please send some type of calendar invite, e.g., Outlook, Zoom, Teams, Google, etc.

Thanks,

Mark S. Zhai, Esq.
BLAKELY LAW GROUP   |   OFFICE 310.546.7400   |   DIRECT & MOBILE 626.838.1389

**From:** Samantha Squillante <SSquillante@ohaganmeyer.com>
**Sent:** Wednesday, June 23, 2021 4:40 PM
**To:** Mark Zhai <mzhai@blakelylawgroup.com>; C. Quinn Adams <CAdams@ohaganmeyer.com>
**Cc:** Carina Omega <comega@blakelylawgroup.com>; Monica Lawal <mlawal@blakelylawgroup.com>; Brent Blakely <bblakely@blakelylawgroup.com>; Charles Sims <CSims@ohaganmeyer.com>
**Subject:** RE: Deckers v Bebe - Draft Stip Attached [IWOV-Active.FID171653]

No changes, you have my consent to e-file.

Thank you,
Samantha

**From:** Mark Zhai <mzhai@blakelylawgroup.com>
**Sent:** Wednesday, June 23, 2021 2:31 PM
**To:** C. Quinn Adams <CAdams@ohaganmeyer.com>
**Cc:** Carina Omega <comega@blakelylawgroup.com>; Monica Lawal <mlawal@blakelylawgroup.com>; Brent Blakely <bblakely@blakelylawgroup.com>; Charles Sims <CSims@ohaganmeyer.com>; Samantha Squillante <SSquillante@ohaganmeyer.com>; Mark Zhai <mzhai@blakelylawgroup.com>
**Subject:** [EXTERNAL] RE: Deckers v Bebe - Draft Stip Attached [IWOV-Active.FID171653]

**Samantha**—unless you have edits, attached is a final version.  Changed LLP to PLLC per Quinn, changed to your name and e-sig, and I removed an attorney from our title block who is no longer with the firm.  Please confirm we have your authorization to file.

Thanks,

Mark S. Zhai, Esq.
**BLAKELY LAW GROUP**   |   OFFICE 310.546.7400   |   DIRECT & MOBILE 626.838.1389

---

**From:** C. Quinn Adams <CAdams@ohaganmeyer.com>
**Sent:** Wednesday, June 23, 2021 2:09 PM
**To:** Mark Zhai <mzhai@blakelylawgroup.com>
**Cc:** Carina Omega <comega@blakelylawgroup.com>; Monica Lawal <mlawal@blakelylawgroup.com>; Brent Blakely <bblakely@blakelylawgroup.com>; Charles Sims <CSims@ohaganmeyer.com>; Samantha Squillante <SSquillante@ohaganmeyer.com>
**Subject:** RE: Deckers v Bebe - Draft Stip Attached [IWOV-Active.FID171653]

Mark,

I am cc'ing Samantha Squillante from our California office.  She is barred in California and admitted to the CDCA.  She has consented to having her name added to the stipulation.

Thank you,

C. Quinn Adams
Attorney at Law

411 E. Franklin Street | Suite 500 | Richmond | VA | 23219
PH 804.403.7100 |  DIR 804.403.7125 | CELL 757.377.5683
FX 804.403.7110
E-MAIL cadams@ohaganmeyer.com



Alexandria • Boston • Charlotte • Chicago • Detroit • Los Angeles • Orange County, CA
Philadelphia • Richmond • San Francisco • Virginia Beach • Washington D.C. • Wilmington, DE

This message is intended only for the individual or entity to which it is addressed and may contain information that is attorney work product, privileged, confidential and/or exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via email or the United States Postal Service. Thank you.

---

**From:** Mark Zhai <mzhai@blakelylawgroup.com>
**Sent:** Wednesday, June 23, 2021 2:24 PM
**To:** C. Quinn Adams <CAdams@ohaganmeyer.com>
**Cc:** Carina Omega <comega@blakelylawgroup.com>; Monica Lawal

<[mlawal@blakelylawgroup.com](mailto:mlawal@blakelylawgroup.com)>; Brent Blakely <[bblakely@blakelylawgroup.com](mailto:bblakely@blakelylawgroup.com)>; Charles Sims <[CSims@ohaganmeyer.com](mailto:CSims@ohaganmeyer.com)>; Mark Zhai <[mzhai@blakelylawgroup.com](mailto:mzhai@blakelylawgroup.com)>

**Subject:** [EXTERNAL] RE: Deckers v Bebe - Draft Stip Attached [IWOV-Active.FID171653]

No problem.  You cannot sign, sorry, I thought you meant you are not admitted to CDCAL and only need to *pro hac* in.  We need a CA attorney's signature for O'Hagan Meyer, PLLC—let me know (and please copy them, as we need the person's authorization).

Mark S. Zhai, Esq.
**BLAKELY LAW GROUP**  |  OFFICE 310.546.7400  |  DIRECT & MOBILE 626.838.1389

**From:** C. Quinn Adams <[CAdams@ohaganmeyer.com](mailto:CAdams@ohaganmeyer.com)>
**Sent:** Wednesday, June 23, 2021 11:17 AM
**To:** Mark Zhai <[mzhai@blakelylawgroup.com](mailto:mzhai@blakelylawgroup.com)>
**Cc:** Carina Omega <[comega@blakelylawgroup.com](mailto:comega@blakelylawgroup.com)>; Monica Lawal <[mlawal@blakelylawgroup.com](mailto:mlawal@blakelylawgroup.com)>; Brent Blakely <[bblakely@blakelylawgroup.com](mailto:bblakely@blakelylawgroup.com)>; Charles Sims <[CSims@ohaganmeyer.com](mailto:CSims@ohaganmeyer.com)>
**Subject:** FW: Deckers v Bebe - Draft Stip Attached [IWOV-Active.FID171653]

Mark,

Thank you for drafting this and sending it over so quickly.  One minor correction and one question:

- First, our firm is O'Hagan Meyer, PLLC, I think you have LLP in there

- Second, as I noted, I am not barred in California and we will be filing though attorneys in our California office.  You indicated that I will not need to file a notice of appearance to sign the stipulation, but I just want to make sure it isn't a problem to have my name on this stipulation if I am not a California attorney?

If the second issue is a non-issue, then you have our consent to file.

Is there a good time for us to meet and confer?  I am generally available tomorrow, Friday afternoon, and Monday.  I will be out of pocket most of next week (aside from Monday).  If this week or Monday of next don't work, we can schedule some time after the Fourth.

Thank you,


C. Quinn Adams
Attorney at Law

411 E. Franklin Street | Suite 500 | Richmond | VA | 23219
PH 804.403.7100 | DIR 804.403.7125 | CELL 757.377.5683
FX 804.403.7110
E-MAIL [cadams@ohaganmeyer.com](mailto:cadams@ohaganmeyer.com)



Alexandria • Boston • Charlotte • Chicago • Detroit • Los Angeles • Orange County, CA
Philadelphia • Richmond • San Francisco • Virginia Beach • Washington D.C. • Wilmington, DE

This message is intended only for the individual or entity to which it is addressed and may contain information that is attorney work product, privileged, confidential and/or exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via email or the United States Postal Service. Thank you.

**From:** Mark Zhai <mzhai@blakelylawgroup.com>
**Sent:** Wednesday, June 23, 2021 2:14 PM
**To:** C. Quinn Adams <CAdams@ohaganmeyer.com>
**Cc:** Carina Omega <comega@blakelylawgroup.com>; Monica Lawal <mlawal@blakelylawgroup.com>; Brent Blakely <bblakely@blakelylawgroup.com>; Mark Zhai <mzhai@blakelylawgroup.com>
**Subject:** [EXTERNAL] RE: Deckers v Bebe - Draft Stip Attached

Quinn--I noticed a typo in the case number and our sig block.  Please review this updated version instead.

Mark S. Zhai, Esq.
BLAKELY LAW GROUP  |  OFFICE 310.546.7400  |  DIRECT & MOBILE 626.838.1389

**From:** Mark Zhai
**Sent:** Wednesday, June 23, 2021 11:09 AM
**To:** cadams@ohaganmeyer.com
**Cc:** Carina Omega <comega@blakelylawgroup.com>; Monica Lawal <mlawal@blakelylawgroup.com>; Brent Blakely <bblakely@blakelylawgroup.com>; Mark Zhai <mzhai@blakelylawgroup.com>
**Subject:** FW: Deckers v Bebe - Draft Stip Attached

Hi Quinn,

Nice talking to you.  When I worked in DC, I used to visit a client all the time in Richmond.  Here's the Stip, I think this will make it easier for everyone for the reasons discussed.  Also, I suggest we meet and confer first before you spend *any* time on that Motion.  Not only to comply with Local Rules, but it really might save your time and your client's money.

Let me know if you agree and we have your authorization to file.

Mark S. Zhai, Esq.
BLAKELY LAW GROUP
1334 Parkview Ave., Suite 280
Manhattan Beach, CA 90266
Telephone:   310.546.7400

Facsimile:    310.546.7401
www.blakelylawgroup.com

This email, including any attachments, may contain confidential and privileged information that is solely for the use of the intended recipient(s). If you received this email in error, please notify the sender immediately. Unauthorized use, disclosure, or copying of such information may violate state and federal law.

EXHIBIT 8

| | |
|---|---|
| **From:** | Brent Blakely |
| **To:** | C. Quinn Adams |
| **Cc:** | Jamie Fountain; Charles Sims; Samantha Squillante |
| **Subject:** | [EXTERNAL] RE: Deckers v Bebe - Draft Stip Attached [IWOV-Active.FID171653] |
| **Date:** | Thursday, July 22, 2021 4:13:43 PM |

Hi Quinn:

Functionality Argument

Defendant's argument that the Fluff Yeah Trade Dress is functional and serves a utilitarian purpose is a question of fact and is thus improper for a dismissal at the pleading stage. See Autodesk, Inc. v. Dassault Systemes Solidworks Corp., 2008 U.S. Dist. LEXIS 109800, *5, 2008 WL 6742224 (N.D. Cal. Dec. 18, 2008); Clicks Billiards v. Sixshooters Inc., 251 F.3d 1252, 1258 (9th Cir. 2001) ("Functionality is a question of fact"); Morton v. Rank Am., Inc., 812 F. Supp. 1062, 1069 (C.D. Cal. 1993) (because functionality is a question of fact, it is not appropriate to dismiss a trade dress claim on a motion to dismiss).

Secondary Meaning Argument

Deckers has more than adequately alleged that its Fluff Yeah Trade Dress has achieved secondary meaning among consumers. "[W]hether the alleged trade dress has actually acquired secondary meaning is a question of fact for another day. For purposes of a Rule 12(b)(6) analysis, secondary meaning is adequately alleged." Brian Lichtenberg, LLC v. Alex & Chloe, Inc., 2014 U.S. Dist. LEXIS 18607 (CD Cal. Feb. 13, 2014)(citing Clicks Billiards, 251 F.3d at 1262)

Customer Confusion Argument

Whether there is a likelihood of confusion is a question of fact and is improper for the Court to decide at the pleading stage. See Underwriters, Inc.. v. Lichtenegger, 913 F.3d 884 (9th Cir. 2019) ("[t]he existence of consumer confusion is a fact-intensive analysis that does not lend itself to a motion to dismiss.") (citing Williams v. Gerber Prods. Co., 552 F.3d 934, 938-39 (9th Cir. 2008)).

Defendants' Arguments to Unfair Competition Claims (Counts III and IV)

1.      Preemption

Deckers' claims of unfair competition in violation of the UCL and California common law arising from Defendant's infringement of the Fluff Yeah Trade Dress are not preempted by the Lanham Act. In Fortune Dynamic the Court found that plaintiff's unfair competition claim for alleged infringement of the '999 patent was preempted by the Patent Act (the court dismissed the UCL claims for alleged infringement of the trade dress because it found those claims under the Lanham Act had not been adequately pled – as addressed above that is not the case here.). Additionally, courts in the  Ninth Circuit have held that the Lanham Act does not preempt state law unfair competition claims. See

Seasalt Del Mar, LP v. Five Greeks LLC, 2017 U.S. Dist. LEXIS 186677, *30 ("In [Deckers Outdoor Corp. v. J.C. Penny Co., 45 F. Supp. 3d 1181 (C.D. Cal. 2014)] the court relied on the discussion in a Ninth Circuit case regarding the limits on states' ability to regulate unfair competition by federal patent and copyright laws. The Court in Clorox Co., provided no analysis and cited to no authority in determining the Trademark Counterfeiting Act, 15 U.S.C. section 1116 preempted the state law unfair competition claim.")

2.      Claims fail as a matter of law

Because Deckers' Lanham Act claims do not fail as outline above, Deckers' state law claims do not fail.

3.      No standing for UCL claim

Deckers has standing to pursue the UCL claim. To have standing under the UCL, a plaintiff must sufficiently allege that: (1) he or she has lost "money or property" sufficient to constitute an "injury in fact" under Article III of the Constitution, and (2) there is a "causal connection" between the defendant's alleged UCL violation and the plaintiff's injury in fact. Am. Soc'y of Anesthesiologists v. BevMD, LLC, 2016 U.S. Dist. LEXIS 188184, *14, 2016 WL 4257448 (S.D. Cal. March 31, 2016); (citing Rubio v. Capital One Bank, 613 F.3d 1195, 1203-04 (9th Cir. 2010)).

Defendants' Arguments Against the Willfulness Portion of the Patent Claim (Count V)

Determining willfulness necessarily involves questions of intent and the weighing of credibility of witnesses. F.O.B. Instruments, Ltd. v. Krown Mfg., 2007 U.S. Dist. LEXIS 102325, 17 (D. Md. Aug. 29, 2007) (citing Liquid Dynamics Corp. v. Vaughan Company, Inc., 449 F.3d 1209, 1225 (Fed. Cir. 2006) (willfulness is an "intent-implicating question")).

Regards, Brent

Brent H. Blakely, Esq.
Blakely Law Group
1334 Parkview Ave., Suite 280
Manhattan Beach, California 90266
Telephone:   310.546.7400
Facsimile:    310.546.7401
www.blakelylawgroup.com

**From:** C. Quinn Adams <CAdams@ohaganmeyer.com>
**Sent:** Wednesday, July 21, 2021 8:12 AM
**To:** Brent Blakely <bblakely@blakelylawgroup.com>

**Cc:** Jamie Fountain <jfountain@blakelylawgroup.com>; Charles Sims <CSims@ohaganmeyer.com>; Samantha Squillante <SSquillante@ohaganmeyer.com>
**Subject:** RE: Deckers v Bebe - Draft Stip Attached [IWOV-Active.FID171653]

Brent,

We will need to get our response on file by Friday so please provide us your response as soon as you can.

Thank you,

C. Quinn Adams
Attorney at Law

411 E. Franklin Street | Suite 500 | Richmond | VA | 23219
PH 804.403.7100 |  DIR 804.403.7125 | CELL 757.377.5683
FX 804.403.7110
E-MAIL cadams@ohaganmeyer.com



Alexandria • Boston • Charlotte • Chicago • Detroit • Los Angeles • Orange County, CA
Philadelphia • Richmond • San Francisco • Virginia Beach • Washington D.C. • Wilmington, DE

This message is intended only for the individual or entity to which it is addressed and may contain information that is attorney work product, privileged, confidential and/or exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via email or the United States Postal Service. Thank you.

**From:** Brent Blakely <bblakely@blakelylawgroup.com>
**Sent:** Monday, July 19, 2021 11:59 AM
**To:** C. Quinn Adams <CAdams@ohaganmeyer.com>
**Cc:** Jamie Fountain <jfountain@blakelylawgroup.com>; Charles Sims <CSims@ohaganmeyer.com>; Samantha Squillante <SSquillante@ohaganmeyer.com>
**Subject:** [EXTERNAL] Re: Deckers v Bebe - Draft Stip Attached [IWOV-Active.FID171653]

Hi Quinn:

Thank you so much for sending that on.  I just got back from Utah; will send a more detailed response this morning.

Regards, Brent

Sent from my iPhone

On Jul 19, 2021, at 8:18 AM, C. Quinn Adams <CAdams@ohaganmeyer.com> wrote:

Brent,

If you could please advise at your earliest convenience.

Thank you,

C. Quinn Adams
Attorney at Law

411 E. Franklin Street | Suite 500 | Richmond | VA | 23219
PH 804.403.7100 |  DIR 804.403.7125 | CELL 757.377.5683
FX 804.403.7110
E-MAIL cadams@ohaganmeyer.com
<image001.jpg>
Alexandria • Boston • Charlotte • Chicago • Detroit • Los Angeles • Orange County, CA
Philadelphia • Richmond • San Francisco • Virginia Beach • Washington D.C. • Wilmington, DE

This message is intended only for the individual or entity to which it is addressed and may contain information that is attorney work product, privileged, confidential and/or exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via email or the United States Postal Service. Thank you.

---

**From:** C. Quinn Adams
**Sent:** Wednesday, July 14, 2021 1:51 PM
**To:** Brent Blakely <bblakely@blakelylawgroup.com>
**Cc:** Jamie Fountain <jfountain@blakelylawgroup.com>; Charles Sims <CSims@ohaganmeyer.com>; Samantha Squillante <SSquillante@ohaganmeyer.com>
**Subject:** RE: Deckers v Bebe - Draft Stip Attached [IWOV-Active.FID171653]

Brent,

I hope you are doing well.  I just wanted to circle back to get your thoughts on the authority that I provided below on July 8, 2021.

Thank you,

C. Quinn Adams
Attorney at Law

411 E. Franklin Street | Suite 500 | Richmond | VA | 23219
PH 804.403.7100 |  DIR 804.403.7125 | CELL 757.377.5683
FX 804.403.7110
E-MAIL cadams@ohaganmeyer.com
<image001.jpg>
Alexandria • Boston • Charlotte • Chicago • Detroit • Los Angeles • Orange County, CA
Philadelphia • Richmond • San Francisco • Virginia Beach • Washington D.C. • Wilmington, DE

This message is intended only for the individual or entity to which it is addressed and may contain information that is

attorney work product, privileged, confidential and/or exempt from disclosure under applicable law. If the reader of this
message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this
communication is strictly prohibited. If you have received this communication in error, please notify us immediately by
telephone and return the original message to us at the above address via email or the United States Postal Service. Thank
you.

**From:** C. Quinn Adams
**Sent:** Thursday, July 8, 2021 10:05 AM
**To:** Brent Blakely <bblakely@blakelylawgroup.com>
**Cc:** Jamie Fountain <jfountain@blakelylawgroup.com>; Charles Sims
<CSims@ohaganmeyer.com>; Samantha Squillante <SSquillante@ohaganmeyer.com>
**Subject:** RE: Deckers v Bebe - Draft Stip Attached [IWOV-Active.FID171653]

Brent

Thank you for attending our meet and confer call yesterday concerning Defendants'
Motion to Dismiss.  Per your request, I have included some of the authorities cited in
our brief in support of our arguments.  This is not every case we cite in the brief, but
hopefully this gives you a sense of our arguments in addition to what we discussed
yesterday.

### Cases Supporting Defendants' Arguments to Lanham Act Trade Dress Infringement Count I

1.     **General Principles governing trade dress claims under the Lanham Act**

   - *Millennium Labs., Inc. v. Ameritox, Ltd.*, 817 F.3d 1123 (9th Cir. 2016)
   - *Blumenthal Distributing, Inc. v. Herman Miller, Inc.*, 963 F.3d 859 (9th Cir. 2020)
   - *Virgin Scent, Inc. v. Bel Air Natruals Care Corp.*, CV 17-08284-AB, 2018 WL
     5264145 (C.D. Cal. Feb. 8, 2018)
   - *Nora Bevs., Inc. v. Perrier Group of America, Inc.*, 164 F.3d 736 (2d Cir. 1998)
   - *Deckers Outdoor Corp. v. Fortune Dynamic, Inc.*, No. CV 15-769 PSG (SSx), 2015
     WL 12731929 (C.D. Cal. May 8, 2015)

2.     **Functionality Argument**
   - *Fortune Dynamic*, *supra*

   - *Virgin Scent*, *supra*

3.     **Secondary Meaning Argument**
   - *Fortune Dynamic*, *supra*

4.     **Customer Confusion Argument**
   - *Card Tech Intern., LLLP v. Provenzano*, No. CV 11-2434, 2012 WL 2135357 (C.D.
     Cal. June 7, 2012).

   - *Eagle Snacks, Inc. v. Nabisco Brands, Inc.*, 625 F. Supp. 571 (D.N.J. 1985)
   - *Schwinn Bicycle Co. v. Diversified Prod. Corp.*, 740 F. Supp. 517 (N.D. Ill. 1990)
   - *Fortres Grand Corp. v. Warner Bros. Entertainment Inc.*, 763 F.3d 696 (7th Cir.
     2014).
   - *Eastland Music Group, LLC v. Lionsgate Entertainment, Inc.*, 707 F.3d 869   (7th
     Cir. 2013)
   - *Gayle v. Allee*, No. 18 Civ. 3774, 2021 WL 120063 (S.D.N.Y. Jan. 13, 2021)
   - *Underwriters, Inc.. v. Lichtenegger*, 913 F.3d 884 (9th Cir. 2019)

### Cases Supporting Defendants' Arguments to Count I Unfair Competition Claims (Counts III and IV)

1. **Preemption**
   - *Fortune Dynamic, supra*
   - *Deckers Outdoor Corp. v. J.C. Penny Co.*, 45 F. Supp. 3d 1181 (C.D. Cal. 2014)
2. **Claims fail as a matter of law**
   - *Sebastian Brown Productions LLC v. Muzooka Inc.*, No. 15-CV-01720, 2016 WL 949004 (C.D. Cal. Mar. 14, 2016)
   - *Aurora World Inc. v. Aurora World, Inc. v. Ty Inc.*, 719 F. Supp. 2d 1115 (C.D. Cal. 2009)
   - *Fortune Dynamic, supra*
3. **No standing for UCL claim**
   - *Brinkerhoff v. L'Oreal USA, Inc.*, 417 F. Supp. 3d 1308 (S.D. Cal. 2019)

**Cases Supporting Defendants' Arguments Against the Willfulness Portion of the Patent Claim (Count V)**

   - *Rehrig Pac. Co. v. Polymer Logistics (Israel), Ltd.*, No. CV 19-4952-MWF, 2019 WL 8161141 (C.D. Cal. Aug. 30, 2019)
   - *Fortune Dynamic, supra*
   - *J.C. Penny, supra*

Please advise on Deckers' position as soon as you can.

Thank you,

C. Quinn Adams
Attorney at Law

411 E. Franklin Street | Suite 500 | Richmond | VA | 23219
PH 804.403.7100 |  DIR 804.403.7125 | CELL 757.377.5683
FX 804.403.7110
E-MAIL cadams@ohaganmeyer.com
<image001.jpg>
Alexandria • Boston • Charlotte • Chicago • Detroit • Los Angeles • Orange County, CA
Philadelphia • Richmond • San Francisco • Virginia Beach • Washington D.C. • Wilmington, DE

This message is intended only for the individual or entity to which it is addressed and may contain information that is attorney work product, privileged, confidential and/or exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via email or the United States Postal Service. Thank you.

**From:** Brent Blakely <bblakely@blakelylawgroup.com>
**Sent:** Tuesday, July 6, 2021 3:05 PM
**To:** C. Quinn Adams <CAdams@ohaganmeyer.com>
**Cc:** Jamie Fountain <jfountain@blakelylawgroup.com>
**Subject:** [EXTERNAL] RE: Deckers v Bebe - Draft Stip Attached [IWOV-Active.FID171653]

Dear Quinn:

Mark is no longer with the firm.  Jamie, who is cc'd, will be working with me on the case.  Tomorrow at 1pm pst works well.

Regards, Brent


Brent H. Blakely, Esq.
Blakely Law Group
1334 Parkview Ave., Suite 280
Manhattan Beach, California 90266
Telephone:   310.546.7400
Facsimile:   310.546.7401
www.blakelylawgroup.com

---

**From:** C. Quinn Adams <CAdams@ohaganmeyer.com>
**Sent:** Tuesday, July 6, 2021 11:58 AM
**To:** Mark Zhai <mzhai@blakelylawgroup.com>; Samantha Squillante <SSquillante@ohaganmeyer.com>
**Cc:** Brent Blakely <bblakely@blakelylawgroup.com>; Charles Sims <CSims@ohaganmeyer.com>
**Subject:** RE: Deckers v Bebe - Draft Stip Attached [IWOV-Active.FID171653]

Mark,

I hope you had a nice Fourth of July.  I wanted to circle back on our meet and confer.  How would tomorrow at 4:00 pm (Eastern) 1:00 pm (Pacific) work for you?  If that works, just let me know and I will send around an invite and conference information.

Thank you,

C. Quinn Adams
Attorney at Law

411 E. Franklin Street | Suite 500 | Richmond | VA | 23219
PH 804.403.7100 |  DIR 804.403.7125 | CELL 757.377.5683
FX 804.403.7110
E-MAIL cadams@ohaganmeyer.com
<image001.jpg>
Alexandria • Boston • Charlotte • Chicago • Detroit • Los Angeles • Orange County, CA
Philadelphia • Richmond • San Francisco • Virginia Beach • Washington D.C. • Wilmington, DE

This message is intended only for the individual or entity to which it is addressed and may contain information that is attorney work product, privileged, confidential and/or exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via email or the United States Postal Service. Thank you.

**From:** Mark Zhai <mzhai@blakelylawgroup.com>
**Sent:** Wednesday, June 23, 2021 8:25 PM
**To:** Samantha Squillante <SSquillante@ohaganmeyer.com>; C. Quinn Adams
<CAdams@ohaganmeyer.com>
**Cc:** Brent Blakely <bblakely@blakelylawgroup.com>; Charles Sims
<CSims@ohaganmeyer.com>; Mark Zhai <mzhai@blakelylawgroup.com>
**Subject:** [EXTERNAL] RE: Deckers v Bebe - Draft Stip Attached [IWOV-Active.FID171653]

Samantha—Thank you, attached is the as-filed copy.

Quinn—As far as meeting and conferring, I'm pretty busy this week but generally
available any time after the Fourth other than Monday and Friday mornings.  Your
pick, but please send some type of calendar invite, e.g., Outlook, Zoom, Teams,
Google, etc.

Thanks,

Mark S. Zhai, Esq.
BLAKELY LAW GROUP   |   OFFICE 310.546.7400   |   DIRECT & MOBILE 626.838.1389

**From:** Samantha Squillante <SSquillante@ohaganmeyer.com>
**Sent:** Wednesday, June 23, 2021 4:40 PM
**To:** Mark Zhai <mzhai@blakelylawgroup.com>; C. Quinn Adams
<CAdams@ohaganmeyer.com>
**Cc:** Carina Omega <comega@blakelylawgroup.com>; Monica Lawal
<mlawal@blakelylawgroup.com>; Brent Blakely <bblakely@blakelylawgroup.com>;
Charles Sims <CSims@ohaganmeyer.com>
**Subject:** RE: Deckers v Bebe - Draft Stip Attached [IWOV-Active.FID171653]

No changes, you have my consent to e-file.

Thank you,
Samantha

**From:** Mark Zhai <mzhai@blakelylawgroup.com>
**Sent:** Wednesday, June 23, 2021 2:31 PM
**To:** C. Quinn Adams <CAdams@ohaganmeyer.com>
**Cc:** Carina Omega <comega@blakelylawgroup.com>; Monica Lawal
<mlawal@blakelylawgroup.com>; Brent Blakely <bblakely@blakelylawgroup.com>;
Charles Sims <CSims@ohaganmeyer.com>; Samantha Squillante
<SSquillante@ohaganmeyer.com>; Mark Zhai <mzhai@blakelylawgroup.com>
**Subject:** [EXTERNAL] RE: Deckers v Bebe - Draft Stip Attached [IWOV-Active.FID171653]

**Samantha**—unless you have edits, attached is a final version.  Changed LLP to

PLLC per Quinn, changed to your name and e-sig, and I removed an attorney from our title block who is no longer with the firm.  Please confirm we have your authorization to file.

Thanks,

**Mark S. Zhai, Esq.**
**BLAKELY LAW GROUP**  |  OFFICE 310.546.7400  |  DIRECT & MOBILE 626.838.1389

---

**From:** C. Quinn Adams <CAdams@ohaganmeyer.com>
**Sent:** Wednesday, June 23, 2021 2:09 PM
**To:** Mark Zhai <mzhai@blakelylawgroup.com>
**Cc:** Carina Omega <comega@blakelylawgroup.com>; Monica Lawal <mlawal@blakelylawgroup.com>; Brent Blakely <bblakely@blakelylawgroup.com>; Charles Sims <CSims@ohaganmeyer.com>; Samantha Squillante <SSquillante@ohaganmeyer.com>
**Subject:** RE: Deckers v Bebe - Draft Stip Attached [IWOV-Active.FID171653]

Mark,

I am cc'ing Samantha Squillante from our California office.  She is barred in California and admitted to the CDCA.  She has consented to having her name added to the stipulation.

Thank you,

C. Quinn Adams
Attorney at Law

411 E. Franklin Street | Suite 500 | Richmond | VA | 23219
PH 804.403.7100 | DIR 804.403.7125 | CELL 757.377.5683
FX 804.403.7110
E-MAIL cadams@ohaganmeyer.com
<image001.jpg>
Alexandria • Boston • Charlotte • Chicago • Detroit • Los Angeles • Orange County, CA
Philadelphia • Richmond • San Francisco • Virginia Beach • Washington D.C. • Wilmington, DE

This message is intended only for the individual or entity to which it is addressed and may contain information that is attorney work product, privileged, confidential and/or exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via email or the United States Postal Service. Thank you.

---

**From:** Mark Zhai <mzhai@blakelylawgroup.com>
**Sent:** Wednesday, June 23, 2021 2:24 PM
**To:** C. Quinn Adams <CAdams@ohaganmeyer.com>
**Cc:** Carina Omega <comega@blakelylawgroup.com>; Monica Lawal

<mlawal@blakelylawgroup.com>; Brent Blakely <bblakely@blakelylawgroup.com>; Charles Sims <CSims@ohaganmeyer.com>; Mark Zhai <mzhai@blakelylawgroup.com>
**Subject:** [EXTERNAL] RE: Deckers v Bebe - Draft Stip Attached [IWOV-Active.FID171653]

No problem.  You cannot sign, sorry, I thought you meant you are not admitted to CDCAL and only need to *pro hac* in.  We need a CA attorney's signature for O'Hagan Meyer, PLLC—let me know (and please copy them, as we need the person's authorization).

Mark S. Zhai, Esq.
BLAKELY LAW GROUP   |   OFFICE 310.546.7400   |   DIRECT & MOBILE 626.838.1389

---

**From:** C. Quinn Adams <CAdams@ohaganmeyer.com>
**Sent:** Wednesday, June 23, 2021 11:17 AM
**To:** Mark Zhai <mzhai@blakelylawgroup.com>
**Cc:** Carina Omega <comega@blakelylawgroup.com>; Monica Lawal <mlawal@blakelylawgroup.com>; Brent Blakely <bblakely@blakelylawgroup.com>; Charles Sims <CSims@ohaganmeyer.com>
**Subject:** FW: Deckers v Bebe - Draft Stip Attached [IWOV-Active.FID171653]

Mark,

Thank you for drafting this and sending it over so quickly.  One minor correction and one question:

- First, our firm is O'Hagan Meyer, PLLC, I think you have LLP in there

- Second, as I noted, I am not barred in California and we will be filing though attorneys in our California office.  You indicated that I will not need to file a notice of appearance to sign the stipulation, but I just want to make sure it isn't a problem to have my name on this stipulation if I am not a California attorney?

If the second issue is a non-issue, then you have our consent to file.

Is there a good time for us to meet and confer?  I am generally available tomorrow, Friday afternoon, and Monday.  I will be out of pocket most of next week (aside from Monday).  If this week or Monday of next don't work, we can schedule some time after the Fourth.

Thank you,


C. Quinn Adams
Attorney at Law

411 E. Franklin Street | Suite 500 | Richmond | VA | 23219

PH 804.403.7100 |  DIR 804.403.7125 | CELL 757.377.5683
FX 804.403.7110
E-MAIL cadams@ohaganmeyer.com
<image001.jpg>
Alexandria • Boston • Charlotte • Chicago • Detroit • Los Angeles • Orange County, CA
Philadelphia • Richmond • San Francisco • Virginia Beach • Washington D.C. • Wilmington, DE

This message is intended only for the individual or entity to which it is addressed and may contain information that is attorney work product, privileged, confidential and/or exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via email or the United States Postal Service. Thank you.

---

**From:** Mark Zhai <mzhai@blakelylawgroup.com>
**Sent:** Wednesday, June 23, 2021 2:14 PM
**To:** C. Quinn Adams <CAdams@ohaganmeyer.com>
**Cc:** Carina Omega <comega@blakelylawgroup.com>; Monica Lawal <mlawal@blakelylawgroup.com>; Brent Blakely <bblakely@blakelylawgroup.com>; Mark Zhai <mzhai@blakelylawgroup.com>
**Subject:** [EXTERNAL] RE: Deckers v Bebe - Draft Stip Attached

Quinn--I noticed a typo in the case number and our sig block.  Please review this updated version instead.

Mark S. Zhai, Esq.
BLAKELY LAW GROUP  |  OFFICE 310.546.7400  |  DIRECT & MOBILE 626.838.1389

---

**From:** Mark Zhai
**Sent:** Wednesday, June 23, 2021 11:09 AM
**To:** cadams@ohaganmeyer.com
**Cc:** Carina Omega <comega@blakelylawgroup.com>; Monica Lawal <mlawal@blakelylawgroup.com>; Brent Blakely <bblakely@blakelylawgroup.com>; Mark Zhai <mzhai@blakelylawgroup.com>
**Subject:** FW: Deckers v Bebe - Draft Stip Attached

Hi Quinn,

Nice talking to you.  When I worked in DC, I used to visit a client all the time in Richmond.  Here's the Stip, I think this will make it easier for everyone for the reasons discussed.  Also, I suggest we meet and confer first before you spend *any* time on that Motion.  Not only to comply with Local Rules, but it really might save your time and your client's money.

Let me know if you agree and we have your authorization to file.

Mark S. Zhai, Esq.
BLAKELY LAW GROUP

1334 Parkview Ave., Suite 280
Manhattan Beach, CA 90266
Telephone:    310.546.7400
Facsimile:    310.546.7401
www.blakelylawgroup.com

This email, including any attachments, may contain confidential and privileged information that is solely for the use of the intended recipient(s). If you received this email in error, please notify the sender immediately. Unauthorized use, disclosure, or copying of such information may violate state and federal law.