# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware Corporation,<br><br>                Plaintiff,<br><br>    v.<br><br>ZIGI USA, LLC, a Delaware Limited Liability Company; and DOES 1-10, inclusive,<br><br>                Defendants. | CASE NO.: 2:21-cv-04355-FMO-JPR<br><br>**ORDER GRANTING STIPULATION TO ENTRY OF PERMANENT INJUNCTION AND DISMISSAL OF ACTION AGAINST DEFENDANT ZIGI USA, LLC WITH PREJUDICE** |

Upon consideration and having found good cause therein, the Court hereby GRANTS Plaintiff **Deckers Outdoor Corporation** ("Plaintiff" or "Deckers") and Defendant **Zigi USA, LLC** ("Defendant" or "Zigi") Stipulation to Entry of a Permanent Injunction against Defendant Zigi and Dismissal of this Action *with prejudice* against Defendant Zigi as follows:

WHEREAS, on May 25, 2021, Deckers filed its initial Complaint in the matter of *Deckers Outdoor Corporation v. Bebe Stores, Inc.; et al.*, Case No. 2:21-cv-04355 before the United States District Court for the Central District of California (the "**Civil**

**Action**") (Dkt. 1), then on November 12, 2021, filed its Second Amended Complaint (the "SAC") against Zigi in the Civil Action (Dkt. 38);

WHEREAS, as set forth in the SAC, Deckers is the owner of the "Fluff Yeah Trade Dress," which Deckers contends is an inherently distinctive visual design comprising of the non-functional elements identified at ¶ 13 of the SAC, examples of the overall appearance of which are pictured at ¶ 14 of the SAC and reproduced below for reference:

  

**WHEREAS**, Deckers' SAC asserts causes of action against Zigi for infringement of Deckers' Fluff Yeah Trade Dress and unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, as well as related claims under the statutory and common law of California, all allegedly arising from Zigi's offering for sale and sale of certain footwear products identified as bebe® brand "Jeanna" style slides, an example of which is pictured in ¶ 22 and reproduced below for reference:



WHEREAS, Plaintiff and Defendant (together, the "Parties") have entered into a written Settlement Agreement that fully resolves all claims in this Action asserted against Defendant;

WHEREAS, pursuant to the Settlement Agreement, Defendant has agreed to, and the Parties stipulated to Entry of a Permanent Injunction and Dismissal of this Action under the following conditions;

THEREFORE, it is **HEREBY ORDERED** that:

1. The Court has personal jurisdiction over Defendant and subject matter jurisdiction over this Action at least pursuant to 15 U.S.C. § 1121.

2. Entry of this Permanent Injunction and any related Order(s) that follow the Parties' Stipulation to Entry of a Permanent Injunction, shall serve to bind and obligate each of the Parties hereto. Except as provided for in the Confidential Settlement Agreement:

   A. Defendant, including its employees, servants, successors and assigns, is permanently enjoined from manufacturing, importing into the U.S., advertising, marketing, offering for sale, or selling the Accused Products, reproduced above.

   B. Defendant, including its employees, servants, successors and assigns, is permanently enjoined from manufacturing, importing into the U.S., advertising, marketing, offering for sale, or selling any product that infringes upon U.S. Design Patent No. D866,941.

   C. Defendant, including its employees, servants, successors and assigns, is permanently enjoined from manufacturing, importing into the U.S., advertising, marketing, offering for sale, or selling any product that bears or uses Deckers' Fluff Yeah Trade Dress.

3. The Court shall retain jurisdiction for the purpose of making any further orders necessary or proper for the enforcement, construction, or modification of Permanent Injunction entered by this Stipulation, as well as the Parties' written Settlement Agreement.

4. Each Party shall bear its own attorneys' fees and costs associated with the Action and Settlement Agreement, with no Party deemed as a prevailing party for any

1  purposes.

2      5.    Upon entry of the Stipulated Permanent Injunction, all claims alleged
3  against Defendant Zigi in this Action are hereby dismissed ***with prejudice***.

4

5  **IT IS SO ORDERED.**

8  Dated: May 9, 2022        By:   /s/
9                                             **Hon. Fernando M. Olguin**
                                           **United States District Court Judge**